IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CANDICE BRADBY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.,<br><br>Defendant. | Civil Action No. 23-cv-00522-LKG<br><br>Dated: April 12, 2024 |

## MEMORANDUM OPINION

### I.     INTRODUCTION

In this civil action, Plaintiff, Candice Bradby, brings claims for damages against Defendant, Bimbo Bakeries USA, Inc., for alleged violations of Maryland state law related to her purchase of the Defendant's "All Butter" cake under the Entenmann's brand.  *See generally*, ECF No. 1.  Defendant has moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 8.  The motion is fully briefed.  ECF Nos. 8-1, 10, 13.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court **GRANTS-in-PART** the Defendant's motion to dismiss and (2) **DISMISSES** the complaint.

### II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

#### A.     Factual Background

In this civil class action, Plaintiff brings claims for damages against Defendant for alleged violations of Maryland state law related to her purchase of Defendant's "All Butter" cake under the Entenmann's brand (the "Product").  *See generally*, ECF No. 1.  The remaining claims in this case are as follows: (1) violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §13-101 *et seq.*; (2) and breach of express warranty.[2]  *Id.* ¶¶ 61-63,

---

[1] The facts recited in this memorandum opinion are derived from the complaint; the Defendant's motion to dismiss; and memorandum in support thereof.  ECF Nos. 1, 8.

[2] Plaintiff states in her response in opposition to Defendant's motion to dismiss that she withdraws her claims for breaches of implied warranty, Magnuson Moss Warranty Act claim, common law claims for

1

67-80.  As relief, Plaintiff seeks, among other things, to recover monetary damages, attorneys' fees and costs from the Defendant.  *Id.* at Prayer for Relief.

The Parties

Plaintiff Candice Bradby is a resident of Maryland, who lives in Baltimore County.  *Id.* ¶ 33.  Between October 2022 and February 2023, on one or more occasions, Plaintiff purchased the Defendant's "All Butter" loaf cake under the Entenmann's brand in stores located in Maryland.  *Id*. ¶ 42.

Defendant Bimbo Bakeries USA, Inc. is a Delaware Corporation, with its principal place of business in Pennsylvania.  *Id.* ¶ 39.  Defendant owns the Entenmann's brand, under which it produces the Product.  *Id.* ¶¶ 1, 41.

As background, Defendant produces, markets, and sells baked goods under the brand name Entenmann's, including the Product.   ECF No. 1 ¶ 1; *see also* ECF No. 8-1 at 2.  The Packaging for the Product contains the statement "All Butter Loaf Cake," with a depiction of three slices of the Product on the primary display panel and a transparent cellophane panel through which the Product itself can be seen, as shown below.  *Id*.



The Product's label includes an ingredient statement, which states as follows:

**INGREDIENTS:** SUGAR, BLEACHED WHEAT FLOUR, EGGS, BUTTER, NONFAT MILK, WATER, FOOD STARCH-MODIFIED (CORN), SOYBEAN OIL, LEAVENING (SODIUM ACID PYROPHOSPHATE, BAKING SODA, MONOCALCIUM PHOSPHATE), GLYCERIN, SALT, SORBITAN MONOSTEARATE, ARTIFICIAL FLAVORS, POTASSIUM SORBATE (PRESERVATIVE), POLYSORBATE 60, XANTHAN GUM, MONO- AND DIGLYCERIDES, PHOSPHORIC ACID,

---

negligent misrepresentation, fraud and unjust enrichment, claims on behalf on the "Consumer Fraud Multi-State Class," and claim for injunctive relief.  ECF No. 10 at 1 n.1.

CELLULOSE GUM, SOY FLOUR, COCONUT FLOUR.

ECF No. 1 ¶18 (emphasis in original). And so, the Product's ingredient statement lists butter as the Product's fourth most prominent ingredient and states that the Product also contains other ingredients, including artificial flavors. *Id*. ¶¶ 18-19. But neither the Product's ingredient statement, nor the Product's packaging, indicates that the artificial flavor in the Product is, or is meant to simulate, butter. *See id*.

The Plaintiff's Allegations

Plaintiff alleges that she purchased the Product on one or more occasions at stores located in Maryland, during the period between October 2022 and February 2023. *Id*. ¶ 42. Plaintiff also contends that the Product's labeling is misleading, because the "rich taste of pure butter" in the Product is derived in part from artificial flavoring that is not disclosed on the front label.[3] *Id*. ¶ 3.

In this regard, Plaintiff alleges that the representation of an "All Butter" cake on the Product's label, without any qualifying statements about other flavoring sources, "appeals to the more than seven out of ten consumers who avoid artificial flavors." *Id*. ¶ 4. Plaintiff also alleges that the "artificial flavors" listed to in the Product's ingredients statement refer to artificial vanillin, which is "made from petroleum products and subjected to numerous chemical reactions with synthetic reagents." *Id*. ¶¶ 19-20.

In addition, Plaintiff alleges that certain federal and state regulations require that the front label of the Product state "Artificially Flavored" next to "All Butter," because the Product's added vanillin "simulates, resembles or reinforces the [Product's] characterizing [butter] flavor." *Id*. ¶ 27; *see also* 21 C.F.R. §101.22(i)(2). Lastly, Plaintiff alleges that the U.S. Food and Drug Administration's ("FDA") guidance regarding food labels also requires that, when a food is labeled "Butter," or uses the word "butter" in conjunction with its name, but "contains any artificial butter flavor," this fact must be disclosed to consumers on the front label. *Id*. ¶¶ 27-28.

Plaintiff asserts that the Product is sold at a premium price, because the Product's front label contains the words "All Butter." *Id* ¶ 43. Plaintiff also contends that the Product's label is

---

[3] Defendant maintains that the Product's labeling is truthful and accurate because the Product is made with real butter, as set forth in its ingredient list, with only butter supplying the Product's butter flavoring and serving as the only ingredient with a fat/shortening function. ECF No. 8-1 at 2.

3

false and contains misleading representations, because butter is not the only source of the Product's butter flavor. *Id.* ¶¶ 27-30. Given this, Plaintiff further contends that she paid more for the Product than she would have paid had she known that the "All Butter" description of the Product was "false and misleading." *Id.* ¶ 45. And so, Plaintiff seeks, among other things, to recover monetary damages, attorneys' fees and costs from the Defendant. *Id.* at Prayer for Relief.

### B. Procedural Background

Plaintiff commenced this civil action on February 26, 2023. ECF No. 1. On July 31, 2023, Defendant filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF No. 8, 8-1. Plaintiff filed a response in opposition to the Defendant's motion to dismiss on August 28, 2023. ECF No. 10. The Defendant filed a reply on September 11, 2023. ECF No. 13.

The Defendant's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Rule 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent

with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

### B. The Maryland Consumer Protection Act And Rule 9(b)

The Maryland Consumer Protection Act prohibits "unfair . . . or deceptive trade practice[s]." Md. Code Ann., Com. Law § 13-303. A private party bringing a claim under the MCPA must demonstrate: (1) an unfair or deceptive practice or misrepresentation that is (2) relied upon and (3) causes them actual injury. *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012) (citation omitted). This Court has defined a deceptive practice to include a "[f]ailure to state a material fact if the failure . . . tends to deceive." *In re Marriott Int'l, Inc.*, 341 F.R.D. 128, 159-60 (D. Md. 2022) (citing *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 484 (C.D. Cal. 2012)); *see* Md. Code Ann., Com. Law § 13-301(3). The Fourth Circuit has also held that MCPA claims that sound in fraud are subject to the heightened pleading standard under Fed. R. Civ. P. 9(b). *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013).

### C. Breach Of Express Warranty

To prevail on a claim for breach of an express warranty under Maryland law, a plaintiff must prove: (1) the creation of a warranty by the seller; (2) the product's nonconformity to the warranty; (3) injury; and (4) causation of the injury by the nonconformity. *Morris v. Biomet, Inc.*, 491 F. Supp. 3d 87, 107 (D. Md. 2020).

### D. Federal Preemption And The FDCA

This Court has recognized that "[t]he Federal Government may expressly preempt state law by 'withdraw[ing] specified powers from the States by enacting a statute,' or may do so impliedly, by positive action—creating a statutory scheme 'so pervasive . . . that Congress left no room for the States to supplement it'—or simply by expressing a 'federal interest' in a field 'so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *In Re BHR Hip Implant Prods. Liab. Litig.*, 300 F. Supp. 3d 732, 741-42 (D. Md. 2018) (quoting *Arizona v. United States*, 567 U.S. 387, 399-400 (2012)) (alterations in original). Courts have also recognized that, even if a state law claim survives express preemption, it may, nonetheless, be impliedly preempted, if the claim is based solely on a violation of federal law, or if the claim would not exist but for federal law. *McCormick v. Medtronic*, 101 A.3d 467, 483 (Md. Ct. Spec. App. 2014) (citing *Buckman Co. v. Plaintiffs'*

5

*Legal Comm.*, 531 U.S. 341, 352-353 (2001)).

In addition, state laws are impliedly preempted if there is any conflict with a federal statute and when the state law poses an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *In Re BHR*, 300 F. Supp. 3d at 741-42 (quoting *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372-73 (2000) ). In this regard, courts have held that a state law is parallel to, and therefore not in conflict with, federal requirements if the state law seeks to impose liability for conduct that also violates a FDA regulation. *See, e.g.*, *In Re BHR*, 300 F. Supp. 3d at 742; *Mink v. Smith & Nephew Inc.*, 860 F.3d 1319, 1326 (11th Cir. 2017); *Stengel v. Medtronic Inc.*, 704 F.3d 1224, 1233 (9th Cir. 2013); *Walker v Medtronic, Inc.*, 670 F.3d 569, 577 (4th Cir. 2012); *Bass v. Stryker Corp.*, 669 F.3d 501, 510 (5th Cir. 2012); *Bausch v. Stryker Corp.*, 630 F.3d 546, 552 (7th Cir. 2010); *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1205 (8th Cir. 2010).

Relevant to the pending motion to dismiss, the Food, Drug, and Cosmetic Act ("FDCA") authorizes the United States Federal Drug Administration to oversee and regulate the safety of food, drugs, medical devices and cosmetics. *See generally*, 21 U.S.C. § 301 *et seq*. The FDCA provides a comprehensive system of food labeling requirements under federal law. *See* 21 U.S.C. §§ 343 *et seq*. While the FDCA does not establish a standard of identity for butter, the FDCA does define butter as "the food product usually known as butter . . . made exclusively from milk or cream, or both, with or without common salt, and with or without additional coloring matter, and containing not less than 80 per centum by weight of milk fat, all tolerances having been allowed for." *See* 21 U.S.C. § 321a. The FDA has also promulgated regulations pursuant to the FDCA to address implied natural flavor content claims and related label statements. 21 C.F.R. § 101.22.

The FDCA expressly prohibits any state law that "directly or indirectly" establishes a "requirement" for the labeling of food that is not "identical" to the requirements set forth in the FDCA. 21 U.S.C. § 343-1. And so, the FDCA prohibits state laws that establish requirements for food labeling that are not identical to the requirements under the FDCA and its implementing regulations. *See* 21 U.S.C. § 343-1(3); 21 U.S.C. § 343(k).

**IV.  ANALYSIS**

Defendant has moved to dismiss this matter, pursuant to Fed R Civ. P. 12(b)(6), upon several grounds. First, Defendant argues that all of Plaintiff's claims fail as a matter of law,

6

because Plaintiff fails to allege facts to show plausible deception and provides no support for the assumption that vanillin is a source of the Product's butter flavor. ECF No. 8-1 at 5-7. Second, Defendant argues that Plaintiff's claims are preempted by the FDCA and its implementing regulations and that Plaintiff has no private right of action to enforce the FDCA. *Id*. at 7-9.

In addition, Defendant contends that the Court should dismiss this matter, because Plaintiff is not entitled to injunctive relief and lacks standing to bring the non-Maryland state law claims alleged in the complaint. *Id*. at 9-12. Lastly, Defendant argues that Plaintiff fails to state plausible breach of express or implied warranty, negligent misrepresentation, fraud, and unjust enrichment claims in the complaint. *Id*. at 12-16. And so, Defendant requests that the Court dismiss the complaint. *Id*.

Plaintiff counters that the Court should not dismiss this matter, because: (1) she has alleged sufficient facts to show that her expectation of solely natural butter flavor in the Product is plausible; (2) she has alleged sufficient facts to show an injury to establish standing; (3) preemption does not apply to her MCPA claim; and (4) the allegations to support her breach of express warranty claim satisfy the elements of this claim. ECF No. 10 at 2-11, And so, Plaintiff requests that the Court deny the Defendant's motion to dismiss. *Id.* at 11.

For the reasons that follow, Plaintiff's remaining state law claims in this case are preempted by the FDCA and its implementing regulations. And so, the Court: (1) **GRANTS-in-PART** the Defendant's motion to dismiss and (2) **DISMISSES** the complaint.

### A. Plaintiff's State Law Claims Are Preempted By The FDCA

As an initial matter, the Court agrees with the Defendant that Plaintiff's remaining state law claims in this matter are preempted by the FDCA and its implementing regulations. As this Court has previously recognized, issues of preemption arise when a congressional statute indicates a "federal interest in a field" that state law simultaneously covers. *In Re BHR Hip Implant Prods. Liab. Litig.*, 300 F.Supp. 3d 732, 741-42 (D. Md. 2018) (quoting *Arizona v. United States*, 567 U.S. 387, 399-400 (2012)). This Court has also recognized that "the Federal Government may expressly preempt state law by 'withdraw[ing] specified powers from the States by enacting a statute,' or may do so impliedly, by positive action—creating a statutory scheme 'so pervasive . . . that Congress left no room for the States to supplement it'—or simply by expressing a 'federal interest' in a field 'so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Id*. (alterations in original).

7

Given this, even if a state law claim survives express preemption, it may nonetheless be impliedly preempted if the claim is based solely on a violation of federal law, or if the claim would not exist but for federal law. *McCormick v. Medtronic*, 101 A.3d 467, 483 (Md. Ct. Spec. App. 2014) (citing *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 352-353 (2001)). State laws also are impliedly preempted if there is any conflict with a federal statute and the state law poses an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *In Re BHR,* 300 F.Supp. 3d at 741-42 (quoting *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372-73 (2000).

In this case, Plaintiff's remaining state law claims address food labeling issues that are directly addressed by the FDCA and its implementing regulations. Plaintiff asserts claims for damages against the Defendant for violations of the MCPA and breach of express warranty. ECF No. 1 ¶¶ 61-63, ¶¶ 67-78. Plaintiff alleges that Defendant has violated these laws, because the Product's label is misleading and falsely represents that the Product gets its butter taste only from real butter. *Id*. ¶¶ 45, 62, 67. And so, the gravamen of Plaintiff's state law claims here is that Maryland law requires that the Defendant change the Product's label to indicate that the Product is flavored, in part, by artificial flavors. *Id*. ¶¶ 27-28, Prayer for Relief.

Plaintiff's state law claims involve topics clearly covered by the FDCA and its implementing regulations. The FDCA provides a comprehensive system of food labeling requirements under federal law. *See* 21 U.S.C. §§ 343 *et seq*. Relevant here, the FDCA addresses "misbranded food" provides the federal standards for the labeling of foods that contain "artificial flavoring, artificial coloring[,] or chemical preservatives." 21 U.S.C. § 343(k). The FDA has also promulgated regulations to address implied nutrient content claims and related label statements. 21 C.F.R. § 101.65. Given this, Plaintiff's state law claims challenging the Product's labeling address issues that are covered by the FDCA and its implementing regulations.[4]

---

[4] The parties appear to disagree about whether the FDCA requires that Defendant disclose that the Product is artificially flavored on the Product's front label. Defendant maintains that the Product complies with Sections 343(r) and 343(k) of the FDCA and its implementing regulations. ECF No. 8-1 at 8. In this regard, Defendant states that the FDA's regulations for nutrient content or health related claims provide that an "implied nutrient-content claim" is a statement suggesting "that a nutrient is absent or present in a certain amount[.]" *Id*.; *see also* 21 C.F.R. § 101.13. And so, the Defendant also argues that the statement "'made with real butter,' without more, does not imply or suggest that: (1) butter is the central or primary ingredient, or is present in any certain amount, [or] that (2) some other ingredient, such

8

The Court also reads the FDCA to expressly preempt Plaintiff's state law claims, to the extent that Plaintiff seeks to employ Maryland law to establish labeling requirements for the Product that are not identical to the requirements under that statute. The FDCA contains an expansive preemption clause which prohibits any state law that directly or indirectly establishes a "requirement" for food labeling that is not "identical" to the requirements set forth in the FDCA. 21 U.S.C. § 343-1(3). Because it appears that Plaintiff seeks to employ Maryland law to impose food labeling requirements for the Product that are not identical to the requirements in the FDCA, the Court agrees with Defendant that Plaintiffs' claims are expressly preempted by the FDCA.

To the extent Plaintiff's claims in this case are not expressly preempted by the FDCA, Plaintiff's state law claims also appear to be impliedly preempted by that statute. As this Court has held, state laws are impliedly preempted to the extent they conflict with a federal statute and when the state law poses an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *In Re BHR,* 300 F.Supp. 3d 732 at 741-42 (quoting *Crosby*, 530 U.S. at 372-73). In this case, Defendants persuasively argue that Plaintiff's state law claims are impliedly preempted by the FDCA, because Plaintiff seeks to enforce Maryland law to require that Defendant change the "All Butter" label on the Product in a manner not required by the FDCA. ECF No. 1 at Prayer for Relief. Compliance with such a state law requirement would improperly require the Defendant take actions that are inconsistent with the FDCA and its implementing regulations.

Because Plaintiffs' remaining state law claims are preempted by the FDCA, the Court must DISMISS these claims. Fed. R. Civ. P. 12(b)(6).

### B. Plaintiff Fails To State Plausible Claims

Even if Plaintiff's state law claims are not preempted by the FDCA and its implementing regulations, the claims are still be problematic.

First, a careful reading of the complaint shows that Plaintiff fails to allege sufficient

---

as artificial flavoring, is absent." *See id.*; *see also* 21 C.F.R. § 101.65(b)(3). Plaintiff counters that federal regulations require that the front label of the Product state "Artificially Flavored" next to "All Butter," because added vanillin simulates, resembles and reinforces the Product's butter favor. ECF No. 1 ¶ 27; *see also* 21 C.F.R. § 101.22(i)(2).

facts to show either a misrepresentation, false statement, or omission of a material fact by Defendant with regards to the Product's "All Butter" label, to support her MCPA claim. The Fourth Circuit has held that fraud-based claims brought pursuant to the MCPA must meet the heightened pleading standard under Fed. R. Civ. P. 9(b). *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013). In this regard, Rule 9(b) requires that, "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. . ." *Green v. Wells Fargo Bank, N.A.*, 2014 WL 360087, at *6-7 (D. Md. Jan. 31, 2014). And so, the Court must dismiss Plaintiff's MCPA claim here, if the complaint lacks sufficient facts to show that the "All Butter" statement on the Product's label has the capacity, tendency, or effect of misleading a reasonable consumer. *See* Md. Code Ann., Com. Law § 13-301; *In re Marriott Int'l, Inc.*, 341 F.R.D. 128, 159-60 (D. Md. 2022) ("Under the MCPA, whether the failure to state a material fact tends to deceive is judged from the point of view of a reasonable, but unsophisticated consumer") (internal quotations marks and citations omitted); *Botts v. Johns Hopkins Univ.*, 2021 WL 1561520, at *52 (D. Md. Apr. 21, 2021) (dismissing MCPA claim as a matter of law because no reasonable student would be "deceived" or "misled" by alteration of on-campus instruction due to global pandemic).

A careful reading of the compliant shows that Plaintiff has not sufficiently alleged facts to show that the "All Butter" statement on the Product's label is likely to deceive a reasonable consumer into believing that the Product get its butter flavor solely from butter. Plaintiff alleges in the complaint that Defendant violated the MCPA, because the "All Butter" label for the Product misled her to believe that the Product's butter taste is derived only from butter, and not from artificial flavors. ECF No. 1 ¶ 62. But Plaintiff acknowledges in the complaint that the ingredient label on the back of the Product discloses all ingredients in the Product, including certain "artificial flavors." ECF No. 18-19.

Plaintiff's contention that the Defendant added artificial flavors to the Product to simulate the taste of butter is also not supported by the factual allegations in the complaint. ECF No. 8-1 at 6; *see also* ECF No. 1 ¶¶ 3, 29, 47, 62, 70, 71, 72, 79, 80, 85. Plaintiff generally alleges in the complaint that the Defendant used vanillin to simulate and enhance the butter flavor in the Product. *Id*. But the complaint is devoid of any facts to actually show that the Defendant used the vanillin in the Product for this purpose. ECF No. 1 ¶ 23-24.

Given this, the factual allegations in the complaint are not sufficient to show that Defendant misrepresented the source of the Product's butter flavor.  And so, the Court agrees with Defendant that the factual allegations in the complaint, taken as true, do not to show that a "reasonable but unsophisticated consumer" would be convinced that the Product's butter flavor is derived only from butter.

For similar reasons, Plaintiff's breach of express warranty claim is not plausible.  To prevail on her breach of express warranty of merchantability claim, Plaintiff must show that: (1) the Defendant created an express warranty regarding the Product's ingredients; (2) the Product did not conform to this warranty; and (3) the lack of conformity caused the injury suffered by Plaintiff.  *See Morris v. Biomet, Inc.*, 491 F. Supp. 3d 87, 107 (D. Md. 2020) ("[T]o prevail on a claim for breach of express warranty, the plaintiff must prove that the seller created an express warranty, the product did not conform to the warranty, and the lack of conformity caused the injury suffered.") (citations omitted) (quotations omitted).  But, as discussed above, the factual allegations in the complaint are not sufficient to show that the "All Butter" statement on the Product's front label could reasonably be interpreted to mean the Product contains only natural butter flavoring.

Plaintiff also does not dispute that a reasonable reading of the Product's labeling is that butter is the sole shortening substance in the Product.  ECF No. 1 at 14.  In addition, as discussed above, Plaintiff fails to allege sufficient facts in the complaint to show that vanillin is used to simulate and enhance the Product's butter flavor.  Given this, the factual allegations in the complaint are not sufficient to show that the Defendant made an express warranty that the Product's butter flavor is derived solely from butter.  And so, Plaintiff also fails to state a plausible breach of express warranty of merchantability claim in the complaint.

For these reasons, the Court must also DISMISS the complaint.  Fed. R. Civ. P. 12(b)(6).[5]

---

[5] Because Plaintiff has withdrawn her other claims in this action, the Court does not address the other issues raised in the Defendant's motion to dismiss.

11

V.     **CONCLUSION**

In sum, Plaintiff's remaining state law claims in this case are preempted by the FDCA. Plaintiff also fails to state plausible MCPA and breach of express warranty claims in the complaint.  And so, for the foregoing reasons, the Court:

1. **GRANTS-in-PART** the Defendant's motion to dismiss; and
2. **DISMISSES** the complaint.

A separate Order shall issue.

s/Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge